UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

CITY OF ANNAPOLIS, MARYLAND,

    Plaintiff,

vs.

BP P.L.C.; *et al.*,

    Defendants.

Case Number: 21-cv-00772-ELH

**MOTION TO REMAND TO STATE COURT**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that Plaintiff the City of Annapolis, Maryland ("the City") hereby respectfully moves the Court for an Order pursuant to 28 U.S.C. § 1447(c), remanding this matter to the Circuit Court for Anne Arundel County, Maryland, from which it was removed, and awarding the City just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Pursuant to the parties' First Stipulation and [Proposed] Order for Extensions of Time and To Set Briefing Schedule and Page Limits (Dkt. 41, filed April 1, 2021), and the Court's order granting the same (Dkt. 43, entered April 1, 2021) (collectively, "Stipulation and Order"), the City shall file its Memorandum of Points and Authorities in Support of its Motion to Remand by May 13, 2021.

As grounds for this motion, the City asserts that removal was improper and without an objectively reasonable basis because the City's Complaint does not raise any federal claims and the Circuit Court for Anne Arundel County, Maryland is the appropriate forum for adjudicating the City's exclusively state-law claims. Defendants have not satisfied their burden to establish this Court's jurisdiction under any of the bases cited in Defendants Chevron Corporation and Chevron U.S.A. Inc.'s Notice of Removal (Dkt. No. 1): 28 U.S.C. §§ 1331, 1367(a), 1441(a), 1442, and 1446, and 43 U.S.C. § 1349(b).

- **28 U.S.C. §§ 1331 & 1441(a)**: This Court lacks jurisdiction over the subject matter of this case because the City solely alleges violations of state law. The Complaint asserts no federal law claims, and no claim in the City's well-pleaded Complaint arises under the Constitution, laws, or treaties of the United States, including federal common law. The City's claims are thus not within this Court's original jurisdiction under 28 U.S.C. § 1331. Nor does the Complaint necessarily raise any disputed, substantial questions of federal law sufficient to create federal question jurisdiction.

*See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). The City's claims are therefore not removable under 28 U.S.C. § 1441(a).

- **28 U.S.C. § 1442**: The case is not removable pursuant to 28 U.S.C. § 1442, because in carrying out the tortious conduct alleged in the City's Complaint, Defendants are not and have never been federal officers or persons acting under federal officers performing some act under color of federal office. Any acts Defendants have conducted under a federal superior, moreover, are not related or connected to the City's claims, and Defendants have not satisfied their burden to show a colorable federal defense.

- **43 U.S.C. § 1349(b)**: The case is not removable pursuant to the Outer Continental Shelf Lands Act because it does not "aris[e] out of, or in connection with . . . any operation conducted on the Outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf, or which involves rights to such minerals," within the meaning of 43 U.S.C. § 1349(b)(1).

- **U.S. Const. art. I, § 8, cl. 17**: Nor is the case removable on the ground that some of the alleged injuries arose, or alleged conduct occurred, on "federal enclaves." The Complaint expressly disclaims injuries arising on federal land, and thus the City's claims did not arise on any federal enclave. Defendants' contention that this case arises on a federal enclave because some indeterminate portion of their alleged tortious conduct occurred in Washington, D.C. is baseless and has no support in any body of law.

Briefing on these matters will follow pursuant to the schedule set forth in the Stipulation and Order.

Dated: April 23, 2021

Respectfully submitted,

**CITY OF ANNAPOLIS**
**OFFICE OF LAW**

/s/ D. Michael Lyles
D. Michael Lyles
City Attorney, #13120
160 Duke of Gloucester Street
Annapolis, Maryland 21401
T: 410-263-7954
F: 410-268-3916
dmlyles@annapolis.gov

Joel A. Braithwaite
Assistant City Attorney, #28081
160 Duke of Gloucester Street
Annapolis, Maryland 21401
T: 410-263-7954
F: 410-268-3916
jabraithwaite@annapolis.gov


**SHER EDLING LLP**
Victor M. Sher (*pro hac vice*)
Matthew K. Edling (*pro hac vice*)
Martin D. Quiñones (*pro hac vice*)
Katie H. Jones (*pro hac vice* forthcoming)
Quentin C. Karpilow (*pro hac vice* forthcoming)
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Tel:    (628) 231-2500
Fax:    (628) 231-2929
Email: vic@sheredling.com
          matt@sheredling.com
          marty@sheredling.com
          katie@sheredling.com
          quentin@sheredling.com

*Attorneys for Plaintiff City of Annapolis*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on the 23rd day of April, 2021, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

                                             */s/ Victor M. Sher*
                                             Victor M. Sher